657 A.2d 438

IN THE MATTER OF JOSEPH F. FLAYER,
AN ATTORNEY AT LAW.

May 12, 1995.

## ORDER

The Office of Attorney Ethics having filed a petition with the Supreme Court, seeking the immediate temporary suspension from practice of **JOSEPH F. FLAYER** of **BUDD LAKE**, who was admitted to the bar of this State in 1976;

And the Disciplinary Review Board having also filed a report with the Court recommending the temporary suspension and sanction of respondent for failure to comply with a fee arbitration determination;

And good cause appearing;

It is ORDERED that **JOSEPH F. FLAYER** is temporarily suspended from the practice of law, effective immediately, and until further Order of this Court; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **JOSEPH F. FLAYER** pursuant to *Rule* 1:21–6 shall be restrained from disbursement except on application to this Court, for good cause shown, pending the further Order of this Court; and it is further

ORDERED that **JOSEPH F. FLAYER** show cause before this Court on June 20, 1995, at 11:00 a.m., Supreme Court courtroom, Hughes Justice Complex, Trenton, New Jersey, why (1) his temporary suspension and the restraints herein should not continue pending final disposition of any ethics proceedings pending against him and until he has satisfied the award of the District X Fee Arbitration Committee; (2) why he should not be compelled to pay a monetary sanction for failure to comply with the fee arbitration determination; and (3) why the funds restrained from disbursement should not be transmitted by the financial institutions who

are the present custodians to the Clerk of the Superior Court for deposit in the Superior Court Trust Fund, pending the further Order of this Court; and it is further

ORDERED that David E. Johnson, Jr., Esquire, or his designee, present this matter to the Court; and it is further

ORDERED that **JOSEPH F. FLAYER** be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20 dealing with suspended attorneys.